http://www.va.gov/vetapp16/Files3/1626409.txt

Citation Nr: 1626409 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 11-07 696 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas

THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.

REPRESENTATION

Appellant represented by: The American Legion

WITNESSES AT HEARING ON APPEAL

Appellant, appellant's son, and appellant's daughter-in-law

ATTORNEY FOR THE BOARD

J. Schulman, Counsel

INTRODUCTION

The Veteran had active service with the United States Army from October 1967 to October 1970. The Veteran died in 2009 and the appellant is his surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 decision of the Department of Veterans Affairs (VA), Regional Office (RO), in North Little Rock, Arkansas, which denied the above claim. 

In August 2011, the appellant testified at a personal hearing before the Board at the RO. A transcript of that hearing has been associated with the record.

The issue on appeal was previously remanded by the Board in April 2012 in order to provide the appellant with proper notice and to obtain a VA medical opinion regarding the Veteran's pancreatic cancer. This was accomplished, and the claim was readjudicated in an October 2012 supplemental statement of the case. In March 2015, the Board denied the claim, and that decision was appealed to the United States Court of Appeals for Veterans Claims (Court). In February 2016, the Court granted a Joint Motion for Remand (JMR) from the appellant's representative and the VA Secretary, and the matter has been returned to the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In their January 2016 JMR, the parties agreed that remand to the Board was warranted to ensure that VA complies with its duty to assist by providing the appellant with an adequate and thorough medical opinion. The parties specifically agreed that the May 2012 VA examiner failed to provide sufficient rationale to support the conclusion that the "Veteran's pancreatic cancer was not caused by active service to include exposure to herbicides."

The case is REMANDED for the following action:

1. Schedule review of the Veteran's claims file by an appropriate medical professional, in order to determine whether the cause of the Veteran's death - pancreatic cancer - was at least as likely as not related to service, to include the Veteran's in-service exposure to herbicides. The entire claims file must be reviewed by the examiner in conjunction with the opinion. The examiner should indicate on the examination report that (s)he has reviewed the folder in conjunction with the examination.

In rendering the opinion requested above, the examiner's attention is drawn to the following:

*The Veteran had service in the Republic of Vietnam, and is presumed to have been exposed to herbicides, including the herbicide known as Agent Orange.

*In May 2009 the Veteran was diagnosed with pancreatic cancer.

*The Veteran died in late 2009, and the immediate cause of death was reported as pancreatic cancer.

*A September 2009 letter from the Veteran's private doctor, Dr. SRC, noting that the Veteran was first diagnosed with acid reflux disease, hiatal hernia, and chronic prostate problems in 1978, and that he continued to have regular treatment since that time. Dr. SRC stated that these diagnoses were all related to the Veteran's terminal pancreatic cancer - implying that disorders manifest as early as 1978 were early manifestations of pancreatic cancer.

*The November 2014 contentions of the appellant's representative that the Veteran's pancreatic cancer may have been related to his in-service exposure to the herbicide "Agent Blue," containing arsenic, and that arsenic is "known to cause or facilitate pancreatic cancer." The representative cited to website articles from the National Institutes of Health, stating that there is sufficient evidence that arsenic in drinking water causes cancers of the urinary bladder, lung and skin.
 
THE EXAMINER IS ADVISED THAT WHILE THE LAW PRESUMES CERTAIN DISEASES AND DISORDERS ARE/WERE CAUSED BY PRSUMED EXPOSURE TO HERBICIDES, IF A VETERAN DOES NOT MEET SUCH PRESUMPTIONS, THE VETERAN MAY STILL ESTABLISH SERVICE CONNECTION FOR A DISORDER OR DISEASE BASED UPON MEDICAL EVIDENCE. 

THE EXAAMINER MUST BASED THE OPINION SOUGHT ON REVIEW OF ALL SCIENTIFIC AND MEDICAL KNOWLEDGE; THEIR REVIEW OF ALL FACTUAL AND MEDICAL EVIDENCE OF THE CASE AND THEIR OWN EXPERIENCE. THE EXAMINER SHOULD ALSO CONSIDER a September 2011 consensus report update by the Institute of Medicine (IOM) of the National Academies, indicating that pancreatic cancer has not been identified as a condition which is associated with exposure to herbicides. HOWEVER, THE EXAMINER SHOULD NOT RELY SOLELY ON the fact that pancreatic cancer was not listed on the IOM report as "associated with exposure to herbicides." Doing so will result in an inadequate opinion.

The examiner is also advised to consider not only whether terminal pancreatic cancer was related to herbicide exposure, but WHETHER TERMINAL PANCREATIC CANCER WAS OTHERWISE RELATED TO SERVICE.

2. After the development requested above has been completed to the extent possible, the RO should again review the record. If any benefit sought on appeal, for which a notice of disagreement has been filed, remains denied, the appellant and representative, if any, should be furnished a supplemental statement of the case and given the opportunity to respond thereto.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).